Ronald Git Sum Au
1268 Young Street Suite 204
Honolulu, HI 96814
Phone:  808-778-7636
Email:  ronaldau@twc.com

Plaintiff Pro Se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 2 2020

at 10 o'clock and 29 min. A M
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD GIT SUM AU, | ) | **ORIGINAL** |
| Plaintiff, | ) | |
| | ) | **CV20 00218 JAO RT** |
| vs. | ) | COMPLAINT FOR |
| | ) | DEPRIVATION OF CIVIL |
| | ) | RIGHTS 28 U.S.C. 1982, 1983, |
| TRUSTEES OF THE ESTATE OF | ) | 1985, U.S. CONSTITUTION 5TH |
| BERNICE PAUAHI BISHOP | ) | AMENDMENT, 14TH |
| KNOWN AS KAMEHAMEHA | ) | AMENDMENT, EXHIBITS, |
| SCHOOLS, CADES SCHUTTE | ) | AFFIDAVIT, DEMAND FOR |
| LLP, DENNIS CHONG KEE, | ) | TRIAL BY JURY AND |
| KAWIKA BURGESS, RHONDA | ) | SUMMONS |
| NISHIMURA IN HER | ) | |
| INDIVIDUAL CAPACITY. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    (JURISDICTION AND VENUE)

1. The Jurisdiction of this Court arises under the United States

    Constitution, particularly under the provisions of the Fifth and

    Fourteenth Amendments of the Constitution of the United States, and

under Federal law, particularly the **Civil Rights Act; Title 42 of the United States Code Section 1982, 1983, and 1985.**

2. This Court has further jurisdiction of this case under and by virtue of **Title 28 of the United States Code, Sections 1331 and 1343**.

3. Plaintiff Ronald Git Sum Au, hereinafter Au is a citizen of the United States of America and a resident of the City and County of Honolulu State of Hawaii.

4. Defendant Trustees of the Estate of Bernice Pauahi Bishop also known as Kamehameha Schools (hereinafter **"KSBE"**) at all times in this Complaint is a legal entity registered with the State of Hawaii in the management of trust assets,  whose place of business is 519 Halekauwila Street in the City and County of Honolulu State of Hawaii.

5. Defendant Cades Schutte LLP (hereinafter **"Cades Schutte"**), at all times in this Complaint is a limited liability law partnership registered with the State of Hawaii whose office address is 1001 Bishop Street, Suite 1200, City and County of Honolulu State of Hawaii.

6. Defendant Dennis Chong Kee (hereinafter **"Chong Kee"**), at all times in this Complaint is a partner of the Defendant law firm Cades Schutte practicing law in the City and County State of Hawaii. Defendant

- 2 -

Chong Kee is a resident of the City and County of Honolulu, State of Hawaii.

7. Defendants Cades Schutte and Chong Kee at all times in the complaint were the attorneys of record for Defendant KSBE.

8. Defendant Kawika Burgess (hereinafter **"Burgess"**), at all times in this Complaint was acting under color of authority as a Land Asset Manager employed by Defendant KSBE for the Kamilonui Farmer's subdivision located in the City and County of Honolulu, and Defendant Burgess is a resident of the City and County of Honolulu State of Hawaii.

9. Defendant Rhonda Nishimura (hereinafter **"Nishimura"**), in her individual capacity, at all times in this Complaint was a Circuit Court Judge in the First Circuit State of Hawaii and under color of law was acting as a Circuit Court Judge for the First Circuit Court for the State of Hawaii. Nishimura is being sued in this Complaint in her individual capacity while acting as a Judge of the First Circuit Court State of Hawaii under color of State law. Nishimura at all times in this complaint is a resident of the City and County of Honolulu, State of Hawaii.

## II.   GENERAL FACTUAL ALLEGATIONS

10.   Plaintiff Au repeat and re-allege all of the allegations from paragraphs 1-9.

11.   In the 1970's, the Kamilonui Farm subdivision consisting of approximately 85 acres was subdivided in Kamilonui Valley in the City and County of Honolulu State of Hawaii.  Plaintiff Au received Assignment and Consent in June 1978 from his late parents Kam Wo Wong and Lillie Choy Wong of the Bishop Estate Lease No. 18872, dated June 17, 1970 recorded in the Bureau of Conveyances, State of Hawaii.  Defendant KSBE approved the Assignment of the Lease which was recorded in the State of Hawaii Bureau of Conveyances on December 5, 1979.  **(EX. A)**  Plaintiff Au pursuant to the Lease use, cultivated a truck crop farm. Plaintiff Au improved Lots 1 and 2 to include but not limited to constructing a residential dwelling, purchased farm equipment and machinery and improvements costing an estimated $100,000.00 dollars.  **This does not include the *pro rata* share of costs of the Kamilonui Farm Subdivision and the Cooperative Farm Lot 11 at an estimated cost of over $1 million dollars.**

12. Defendant KSBE on information and belief in 2000 approved a residential subdivision on the adjoining land of Plaintiff Au of approximately 65 luxury residential homes to be developed by Schuler Homes. Plaintiff Au's lease limited the use to truck crop farming only. Plaintiff Au strenuously objected to the proposed Schuler Homes subdivision adjoining Lots 1 and 2. The objection included Departmental Agencies before the City and County of Honolulu, State of Hawaii and Federal Environmental Protection Agency, the Kamilonui Farmer's Cooperative, and the Koko Head Neighborhood Board. Defendant KSBE assured Plaintiff Au that sufficient safeguards would be required to allow Plaintiff Au to cultivate truck crop farming.

13. Following the construction and sale of the Schuler Homes subdivision named "Leolani" subdivision, Plaintiff Au received irate and threatening phone calls that the Leolani subdivision was threatening to commence a Class Action law suit against Plaintiff Au, for his use of Federal and State approved pesticides to control rodents in the truck crop cultivation. Defendant KSBE rejected assistance to Plaintiff Au and in anticipation of a Class Action law suit, Plaintiff Au discontinued all truck crop farming on Lots 1 and 2.

14. Plaintiff Au commenced a Civil Complaint in the First Circuit Court of the State of Hawaii on August 16, 2010 against Defendant KSBE for "Breach of Quiet Enjoyment" under the Lease (**Civil No.10-1-1722-08; _Au v. KSBE et al_**).  Defendant Chong Kee as a Partner of the Defendant Cades Schutte, represented Defendant KSBE in a Settlement Agreement on April 24, 2012. (**EX. B**)  The Settlement Agreement included a First Amendment of Lease No. 18, 872 authorizing Plaintiff Au to assign and sell his Leasehold Interest in Lots 1 and 2. (**EX. C**)  **Defendant Nishimura was the Trial Judge in the Complaint filed by Au against KSBE.  The Settlement Agreement which included the First Amended Lease was approved by Defendant Nishimura.**  The First Amended Lease provided that Plaintiff Au, with the prior written consent of Defendant KSBE, could sell or assign Lots 1 and 2.  **The First Amended Lease did not require KSBE financial approval of any buyer or assignee**.  **The First Amended Lease authorized Plaintiff Au to recover his subdivision development costs and the unamortized cost of improvements which Plaintiff Au estimated exceeded 1 million dollars.  The Complaint commenced by Plaintiff Au against Defendant KSBE was dismissed with the approval of Defendant**

- 6 -

**Judge Nishimura who consented and agreed to the Settlement Agreement and the First Amended Lease pursuant to a confidential settlement letter by Plaintiff Au.**

15. Plaintiff Au in December 2012 obtained an investor John Wynn Nguyen who agreed to pay $460,000.00. **(EX. D)** The Settlement Agreement provided that $62,000.00, would be paid and Nguyen agreed to immediately satisfy $60,000.00 dollars to Defendant KSBE upon approval of the Assignment to Nguyen. Defendants KSBE, Burgess, Chong Kee intentionally, willfully, and unreasonably withheld Consent of the Assignment to Nguyen demanding that Nguyen provide complete financial information although Nguyen was a Co-Tenant with Plaintiff Au, and Plaintiff Au was personally liable on the First Amended Lease. **Defendants KSBE, Chong Kee, and Burgess, unreasonably withheld Consent of the Assignment to Nguyen with the intent to cancel Plaintiff Au's Lease.**

16. Defendants KSBE, Chong Kee, and Burgess assured Plaintiff Au that the Settlement Agreement and the First Amended Lease would be complied with by KSBE. Defendant Nishimura acting under color of authority as the settlement Judge assured Plaintiff Au that the Settlement Agreement and First Amended Lease would authorize

Plaintiff Au to sell and assign his leasehold interest and recover his costs of subdivision and improvements, estimated to be over 1 million dollars.  Plaintiff Au on material reliance of Defendants entered into the Settlement Agreement and First Amended Lease on April 24, 2012, and agreed to dismiss with prejudice **Au v. KSBE et al.; (Civil No. 10-1-1722-08)**.

17.  On February 13, 2013 KSBE commenced a civil complaint against Plaintiff Au for breach of the Settlement Agreement, cancellation of the lease, eviction, and damages (Civil No. 13-1-0420-02 RAN; KSBE v. AU) **(EX. R)**.

18.  **On July 11, 2013, Anna Quinata commenced a Complaint for Civil Rights in the United States District Court for the District of Hawaii (Cv:13-00339) against Rhonda Nishimura in her individual capacity, BMW, Bank of North America, Cades Schutte LLP, and members of the Cades Schutte law firm for deprivation of Civil Rights under 42 U.S.C. 1983.**  Quinata claimed compensatory damages, punitive damages, and injunctive relief.  **The Civil Rights Complaint by Quinata naming Rhonda Nishimura, and Cades Schutte LLP as Co-Defendants was never disclosed**

orally or in writing to Plaintiff Au in Civil No. 13-1-0420-02 (RAN) (EX. E).

19.  The Quinata Complaint naming Co-Defendants; Defendant Rhonda Nishimura individually, and Cades Schutte law firm; and members of the law firm individually, required the immediate recusal and/or disqualification of Defendant Nishimura as the Trial Judge in <u>KSBE v. AU</u>.  The certified pleadings in the Federal Court establish with clear and convincing evidence that Defendant Nishimura, and Cades Schutte as Co-Defendants have premeditated and planned to file Motions to Dismiss the Quinata lawsuit.  **<u>Defendant Nishimura and Defendant Chong Kee, were potential material witnesses</u>** in the event the Quinata lawsuit proceeded to trial.  Defendant Nishimura, although represented by the Atttorney General for the State of Hawaii would be required to approve legal proceedings submitted on her behalf, and the Co-Defendants were sued individually for substantial monetary damages exceeding 2 million dollars.  **The ultimate outcome or lack of success by Anna Quinata was irrelevant in determining whether Defendant Nishimura and Defendant Cades Schutte as Co-Defendants created a conflict of interest, bias, and**

prejudice pursuant to <u>HRS</u> 601-7 and the Supreme Court of Hawaii Revised Code of Judicial Conduct Canons 2 and 3.

20.  The *Quinata Complaint* filed on **July 11, 2013** and the <u>KSBE v. AU</u> lawsuit proceeded before Defendant Nishimura during the pendency of the Quinata Complaint.  **<u>The conflict of interest, bias, and prejudice by Nishimura as the Trial Judge and Defendant Chong Kee representing KSBE as a partner in the Cades Schutte law firm proceeded without disclosure orally or in writing of the Quinata Complaint to Plaintiff Au.</u>**  **The chronology of Orders of Nishimura as the Trial Judge against Plaintiff Au, included but are not limited to Defendant Nishimura granting Summary Judgement on <u>KSBE v. AU</u>.  Defendant Nishimura disregarded the lease which did not require KSBE's consent for the financial background of Nguyen, and Ordered Summary Judgement against Plaintiff Au.**

21.  Plaintiff Au's First Amended Counterclaim and Affirmative Defenses were dismissed.  The substantive Pretrial Motions of Defendant KSBE were affirmatively granted and defensive Pretrial Motions by Plaintiff Au were all denied.  (**EX. F/** *the chronology is contained in the Opening Brief in CAAP-17-0000895*)  Defendant

Nishimura entered a Final Judgement against Plaintiff Au on **June 12, 2015** granting all relief in <u>KSBE v. AU</u>. **(EX. G )** Defendant Nishimura, in furtherance of her collusion and conspiracy awarded attorney's fees and costs favorably to the Defendants KSBE, Cades Schutte, and Chong Kee as a Co-Defendant in violation of the <u>Hawaii Revised Code of Judicial Conduct—Canons 2 and 3; for Bias, Prejudice, and Conflict of Interest.</u> **(EX. H)**

22.  Plaintiff Au appealed the Final Judgement to the Hawaii Appellate Courts on June 17, 2015 (Notice of Appeal; CAAP-15-0000466). Plaintiff Au inadvertently discovered, on or about April 11, 2016 while referencing Federal cases, ***Quinata v. Nishimura, Cades Schutte LLP et al.*** Plaintiff Au after appealing on March 20, 2016 Defendant Nishimura's Order determining Au to be a vexatious litigant moved to file the motion in the ICA to consolidate CAAP-15-0000466 and CAAP-16-0000235 which was denied by the ICA **(EX. I)**. Au's appeal from the Final Judgement of **June 12, 2015** was considered by the Hawaii Appellate Courts without regard to the conflict of interest, bias, and prejudice of the *Quinata Complaint* which was first discovered by Au on or about **April 11, 2016 .** The

ICA affirmed the **June 12, 2015** Final Judgement and the Supreme Court of Hawaii denied the application for writ of certiorari.

23. That as a direct and proximate result of the Defendants KSBE, Burgess, Cades Schutte LLP, Chong Kee, and Nishimura's **collusion and conspiracy under <u>TITLE 28 U.S.C. Sections 1982, 1983 and 1985</u>.  <u>Plaintiff Au was deprived of his Civil Rights under the United States Constitution Fifth Amendment; Unlawful taking of Real and Personal Property, Fourteenth Amendment and Due Process and Equal Protection Clauses</u>.** Defendant Nishimura acting under *color of authority* as a State Judge is not entitled to judicial immunity.  Defendant Nishimura's collusion and conspiracy violated Plaintiff Au's Hawaii State Constitutional Rights under Article 1 Section 5, and U.S. Constitutional Rights under the Fifth and Fourteenth Amendment.  **Defendant Nishimura by "clear and convincing evidence has clearly established" that the motive to maliciously collude and conspire with Defendants KSBE, Cades Schutte, Burgess, and Chong Kee was to preclude disqualification under <u>HRS</u> 601-7; and the <u>HRCJC</u>.**

## III.  FRAUDULENT INDUCEMENT, INTENTIONAL OR NEGLIGENT MISREPRESENTATION

24. Plaintiff Au repeat and re-allege all of the allegations from paragraphs 1-23.

25. The Settlement Agreement and First Amended Lease of April 24, 2012 which was prepared by Defendants KSBE, Burgess, and Cades Schutte, and Chong Kee was a fraudulent inducement for Plaintiff Au to dismiss <u>Au v. KSBE (Civil No. 10-1—1722-08).</u> The Defendants negligently or intentionally misrepresented in the First Amended Lease that Plaintiff Au was authorized to sell all of his interest in KSBE Lease No. 18, 872 and the First Amended Lease and recover subdivision and improvement costs estimated to be over 1 million dollars.

26. The intentional or negligent misrepresentation includes but is not limited to the following:

    A.   The Defendants KSBE, Burgess, Cades Schutte, and Chong Kee's assurance that under the First Amended Lease authorizing Au to sell or assign his interest under the lease.

    B.   The Defendants KSBE, Burgess would not unreasonably withhold consent and an assignee would not be required to be financially qualified.

    C.   That the Settlement Agreement would be liberally construed to allow Plaintiff Au to make installment payments plus interest on the principal amount of $62,000.00 dollars.

D.    That payment on the balance of $62,000.00 dollars could be extended for an additional year.

E.    That on material reliance of the Settlement Agreement and First Amended Lease of April 24, 2012, Plaintiff Au dismissed with prejudice <u>Au v. KSBE</u>; Civil No. 10-1-1722-08.

27.  That as a direct result of Defendants KSBE, Burgess, Cades Schutte, Chong Kee fraudulent inducement, intentional or negligent misrepresentation, Plaintiff Au has sustained special, general, and punitive damages to be established at the time of trial.

## IV.    FRAUDULENT CONCEALMENT, NON-DISCLOSURE, DECEIT

28.  Plaintiff Au repeat and re-allege all of the allegations from paragraphs 1-27.

29.  Defendants KSBE, Burgess, Cades Schutte, Chong Kee after entering into the Settlement Agreement and First Amended Lease of April 24, 2012 immediately proceeded to demand full payment of the $62,000.00 in the Settlement Agreement.  Plaintiff Au obtained an investor, John Nguyen, who agreed to pay $460,000.00 for one-half of Plaintiff Au's remaining leasehold interest, and the $60,000.00 would be paid immediately upon receiving the consent to assign by KSBE and Burgess.  Plaintiff Au requested Defendants KSBE, Burgess, Cades Schutte, Chong Kee to assign one-half of his remaining

leasehold interest and upon consent by KSBE to pay the entire balance of 62,000.00 of the Settlement Agreement.

30.  Defendants KSBE, Burgess, Cades Schutte, and Chong Kee intentionally and willfully demanded that the investor John Nguyen provide a financial statement, with no assurance that the investor would be approved by KSBE.  Defendants KSBE, Burgess, Cades Schutte, Chong Kee had full knowledge that the investor John Nguyen had previously deposited partial payments for several Kamilonui Farm Lots and the Kamilonui Cooperative Lot.  The Defendants KSBE, Burgess, Cades Schutte, Chong Kee continued to demand financial approval of the investor John Nguyen.  On **February 13, 2013**, Defendants KSBE commenced a complaint for specific performance of the Settlement Agreement, Cancellation of Lease No. 18,872 and the First Amended Lease and damages alleging that Plaintiff Au had breached the Settlement Agreement by non-payment of $62,000.00 dollars.  **The Defendants KSBE, Burgess, Cades Schutte, Chong Kee denied Plaintiff Au's request to pay installment payments with interest, and fraudulently withheld that KSBE had *granted* Au a one year extension.**

31. On July 11, 2013 Anna Quinata commenced a complaint against Defendant Nishimura, as a State Judge in her individual capacity and Cades Schutte LLP, and attorneys individually for substantial damages for deprivation of her civil rights.

32. The Defendants Nishimura, KSBE, Burgess, Cades Schutte, Chong Kee and Trial Judge Nishimura under color of authority colluded and conspired to conceal, and non-disclose the Quinata complaint with the motive of malicious intent to preclude Plaintiff Au from disqualification and recusal under HRS 601-7 and the HRCJC.

33. That as a direct result of the fraudulent concealment, non-disclosure, and deceit of Defendants Nishimura, KSBE, Burgess, Cades Schutte, and Chong Kee, Plaintiff Au has sustained special, general, and punitive damages will be established that the time of trial.

## V. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34. Plaintiff Au repeat and re-allege all of the allegations from paragraphs 1-33.

35. The Settlement Agreement and First Amended Lease of April 24, 2012 was approved by Defendant Nishimura as the Trial Judge acting under **color of authority** as a State Judge. Plaintiff Au in good faith agreed to the Settlement Agreement and First Amended Lease of

April 24, 2012. The Defendants KSBE, Burgess, Cades Schutte, and Chong Kee in bad faith in proposing the Settlement Agreement and First Amended Lease motive and intent was to dismiss Plaintiff Au's Complaint against KSBE for Breach of Quiet Enjoyment by inducing Plaintiff Au with the First Amended Lease authorizing Plaintiff Au to sell or assign his Leasehold interest in the Kamilonui Farm Subdivision, and recover his subdivision costs and unamortized improvements of over 1 million dollars.

36. The Settlement Agreement and First Amended Lease of April 24, 2012 contained the implied covenant of good faith and fair dealing which included but is not limited to the following:

A. Payment of the delinquent balance of $62,000.00 dollars would be permitted to be paid in installments with a reasonable interest rate..

B. Defendants KSBE, Burgess, Cades Schutte, Chong Kee would consent to an assignment of Plaintiff Au's interest in Lots 1 and 2, and would not unreasonably withhold consent.

C. Plaintiff Au in requesting consent to assign under the Master and First Amended Lease, in Lease No. 18,872 would not be required to financially qualify the proposed assignee.

D. The Defendants would cooperate in approval of an assignee upon request by Plaintiff Au.

E.    Plaintiff Au was induced in the Settlement Agreement to dismiss with prejudice <u>Au v. KSBE</u> in consideration of the First Amended Lease (Civil No. 10-1-1722-08).

37.  The bad faith of all Defendants was the commencement of a civil complaint <u>KSBE v. AU</u> (Civil No. 13-1-0420-02 RAN), on **February 13, 2013** for Breach of the Settlement Agreement of **April 24, 2012**, Summary Possession, Eviction from Lots 1 and 2, Cancellation of Bishop Estate Master Lease No. 18,872, and the **First Amended Lease of April 24, 2012.**

38.  The bad faith of the Defendants to include Defendant Nishimura acting under color of authority as a State Judge was granting Summary Judgement in <u>KSBE v. AU</u> and awarding special damages and attorney's fees, although Defendant Nishimura was a settlement Judge that approved the Settlement Agreement and First Amended Lease of April 24, 2012.  Defendant Nishimura as the settlement Judge was *privy* to personal conversations with Plaintiff Au preceding the Settlement Agreement and First Amended Lease of April 24, 2012, and Defendant Nishimura had full knowledge in confidential conversations with Plaintiff Au of the reasons for agreeing to the Settlement and First Amended Lease.

39. The Defendants intentionally and willfully in obtaining Summary Judgement against Plaintiff Au intentionally and willfully failed to disclose the complaint commenced by Quinata v. Nishimura individually, Cades Schutte individually and members of the law firm as Co-Defendants requesting substantial damages against all Defendants. The fraudulent non-disclosure, concealment and deceit of Defendants of the Quinata Complaint was during the active pendency of KSBE v. AU, to include all substantive Pretrial Motions Ordered against Au and the Final Judgement of June 12, 2015.

40. That as a direct and proximate result of the fraudulent concealment, non-disclosure, and deceit of Defendants Nishimura, KSBE, Burgess, Cades Schutte, and Chong Kee, the Defendants breached the covenant of good faith and fair dealing. Plaintiff Au has sustained special, general, and punitive damages which will be established at the time of trial.

## VI. DEFENDANT NISHIMURA ACTING UNDER COLOR OF STATE AUTHORITY IS NOT ENTITLED TO JUDICIAL IMMUNITY AND IS INDIVIDUALLY LIABLE

41. Plaintiff Au repeat and re-allege all of the allegations from paragraphs 1-40.

42.  The intentional and willful concealment and non-disclosure of the

*Quinata lawsuit* naming Co-Defendants Rhonda Nishimura and Cades

Schutte, and individual members of the firm, as *Co-Defendants* was

motivated by Defendant Nishimura and her Co-Defendants to

maliciously conceal the Quinata Complaint.  The fraudulent

concealment and non-disclosure precluded Plaintiff Au from filing a

motion for disqualification under HRS 601-7 and immediate recusal

or disqualification of Defendant Nishimura under HRS 601-7 and the

HRCJC.

**HRS §601-7 Disqualification of judge; relationship, pecuniary
interest, previous judgment, bias or prejudice.  (a)  No person
shall sit as a judge in any case in which:**

> **(b)  Whenever a party to any suit, action, or proceeding, civil or
> criminal, makes and files an affidavit that the judge before
> whom the action or proceeding is to be tried or heard has a
> personal bias or prejudice either against the party or in favor
> of any opposite party to the suit, the judge shall be disqualified
> from proceeding therein.  Every such affidavit shall state the
> facts and the reasons for the belief that bias or prejudice exists
> and shall be filed before the trial or hearing of the action or
> proceeding, or good cause shall be shown for the failure to file
> it within such time.  No party shall be entitled in any case to file
> more than one affidavit; and no affidavit shall be filed unless
> accompanied by a certificate of counsel of record that the
> affidavit is made in good faith.  Any judge may disqualify
> oneself by filing with the clerk of the court of which the judge is
> a judge a certificate that the judge deems oneself unable for any
> reason to preside with absolute impartiality in the pending suit
> or action.**

43. Defendants with full knowledge of the Civil Rights Complaint filed by Anna Quinata conspired and colluded to fraudulently conceal and not disclose to Plaintiff Au the *Quinata Civil Rights Complaint* naming Defendant Rhonda Nishimura in her individual capacity, and Cades Schutte LLP and individual members of the law firm as "Co-Defendants." **The collusion and conspiracy of Defendants includes but is not limited to the following:**

    A.    Commencing pretrial motions for summary judgement, motions to dismiss, dismissal of Plaintiff Au's Counterclaim and First Amended Counterclaim, Final Judgement on June 12, 2015.

    B.    The Defendants obtaining Summary Judgement against Plaintiff Au and dismissal of Plaintiff Au's First Amended Counterclaim resulting in cancellation of Au's Master Lease and First Amended Lease, Eviction from Lots 1 and 2 resulting in substantial damages.

    C.    The Order determining Au to be a vexatious litigant under HRS 634J-1 through HRS 634J-7(b), to include the premeditated deletion of the due process hearing under the Prefiling Order in HRS 634J-7(b).

    D.    The misuse and misinterpretation of HRS 634J-1 determination of Plaintiff Au as a vexatious litigant to "sua sponte" deny without a fundamental due process hearing and equal protection of the laws Plaintiff Au's Motion to disqualify or recuse Judge Nishimura on the basis of bias, prejudice, and conflict of interest, and the HRCJC.

E.   Defendant Nishimura under color of State law awarding attorney's fees and costs to her Co-Defendants Cades Schutte and its attorneys.

44.  Defendant Nishimura was sworn under oath as a Judge of the First Circuit State of Hawaii to uphold the Hawaii and United States Constitution, and strictly comply with the **Hawaii Revised Code of Judicial Conduct**, **to include but not limited to the following provisions:**

### PREAMBLE

**[2] Judges should maintain the dignity of judicial office at all times and avoid both impropriety and the appearance of impropriety in their professional and personal lives.  They should aspire, at all times, to conduct that ensures the greatest possible public confidence in their independence, impartiality, integrity, and competence.**

### SCOPE

**[2] The Canons state overarching principles of judicial ethics that all judges must observe…**

### CANON 1
### RULE 1.2 PROMOTING CONFIDENCE IN THE JUDICIARY

**A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety.**
**COMMENT: [5]** *Actual improprieties include violations of law, court rules, or provisions of this Code.*

### CANON 2
### RULE 2.2; IMPARTIALITY AND FAIRNESS

**A judge shall uphold and apply the law and shall perform all the duties of judicial office fairly and impartially.**

### RULE 2.3; BIAS PREJUDICE AND HARASSMENT

**(a) A judge shall perform the duties of office without bias or prejudice.**

- 22 -

**COMMENT:** *[1] A judge who manifests bias of prejudice in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute…A judge must avoid conduct that may reasonably be perceived as prejudiced or biased.*

## RULE 2.6; ENSURING THE RIGHT TO BE HEARD

(a) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.

**COMMENT:** *[1] The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed* (emphasis added).

## RULE 2.11; DISQUALIFICATION OR RECUSAL

(a) Subject to the rule of necessity, a judge shall disqualify or recuse him or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1)  The judge has a personal bias or prejudice for or against a party or party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

(2) (D) likely to be a witness in the proceeding.

## The American Bar Association Model Code of Judicial Conduct (2011)

Rule 3.3: Bias, Prejudice, and Harassment…[COMMENT]: A judge must avoid conduct that may be reasonably be perceived as prejudiced or biased.

## ABA Model of Code of Judicial Conduct, Rule 2.11 Comment:

5.  A judge should disclose on the record information the judge believes the party's or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.

## Appendix E of the ABA Model Code of Judicial Conduct:

3.  Failure of the judge to comply with Judicial Code 2.11.

**<u>Lawyer's participation in judge's misconduct. Rule 8.4 (f):</u>**
**It is professional misconduct for a lawyer "knowingly" to assist a judge or**
judicial officer in conduct that is a violation of applicable rules of judicial conduct
or other laws.  In our opinion, a lawyer's continued participation in a case presided
over by a judge who is acting in violation of judicial code <u>Rule 2.11</u>, constitutes
"assistance" of that misconduct in violation of <u>Rule 8.4 (f)</u>

45.  Defendant Nishimura acting under color of authority as a State Judge

does not have judicial immunity and is ***personally liable*** for the

following reasons:

A.  Defendant Nishimura was sworn under oath to uphold
the Hawaii Constitution Article 1 Section 5, and the U.S.
Constitution the Fifth Amendment; protection of personal
and real property of Plaintiff Au, and the Fourteenth
Amendment; due process and equal protection clauses.

B.  Defendant Nishimura was responsible as a State Judge to
strictly comply with the <u>HRCJC.</u>

C.  Defendant Nishimura actively and overtly conspired and
colluded to fraudulently conceal, non-disclose, the
**<u>Quinata v. Nishimura</u>, <u>Cades Schutte et al.</u> as Co-
Defendants** to preclude Plaintiff Au from filing an <u>HRS</u>
601-7 disqualification or recusal and to enforce the
provisions of HRCJC.

D.  **Defendant Nishimura's unlawful misuse and
misinterpretation of <u>HRS 634J-1 through HRS 634J-
7</u>, determining Au to be a vexatious litigant, and
under the Prefiling Order denying a fundamental due
process hearing and equal protection of the laws.**

E.  Defendant Nishimura's **"sua sponte"** denials of Plaintiff
Au's Motion to disqualify or recuse under <u>HRS</u> 601-7,
and <u>HRCJC</u> was a material breach of the duties and
responsibilities of a State Judge.

F.   Defendant Nishimura overtly conspired and colluded with Defendants KSBE, Burgess, Cades Schutte, Chong Kee with the willful and malicious motive to preclude Plaintiff Au from filing a motion to disqualify and/or recuse in <u>KSBE v. AU.</u>

G.   Defendant Nishimura has never disqualified or recused herself in <u>KSBE v. AU</u> (Civil No. 13-1-0420-02 RAN).

46. **That as a direct and proximate result of the intentional, malicious, willful and fraudulent concealment, non-disclosure, and deceit of the Defendants Nishimura, KSBE, Burgess, Cades Schutte LLP, Chong Kee violated the <u>Hawaii Constitution Article 1 Section 5</u>, <u>28 U.S.C. Sections 1982, 1983, and 1985, and the United States Constitution, Fifth and Fourteenth Amendment</u>.** Defendant Nishimura as a Trial Judge under color of State authority is not entitled to judicial immunity and is individually liable for her misconduct.

**VII. HAWAII REVISED STATUTE SECTION 634J-1 THROUGH 634J-7 DETERMINING PLAINTIFF AU TO BE A VEXATIOUS LITIGANT AND THE UNLAWFUL MISINTERPRETATION OF THE STATUTE TO FRAUDULENTLY CONCEAL AND NOT DISCLOSE <u>QUINATA v. NISHIMURA AND CADES SCHUTTE ET AL.</u> AS CO-DEFENDANTS WAS THE WILLFUL AND MALICIOUS INTENT TO PRECLUDE DISQUALIFICATION AND RECUSAL UNDER <u>HRS</u> 601-7, AND THE <u>HRCJC</u>**

47. Plaintiff Au repeat and re-allege all of the allegations from paragraphs 1-46.

48.  **Defendants KSBE, Burgess, Cades Schutte, and Chong Kee commenced a post-trial motion to declare Au a *vexatious litigant,* on February 29, 2016, after Plaintiff Au had filed his Notice of Appeal from the Final Judgement of June 12, 2015 (CAAP-15-0000466).  Defendant Nishimura in furtherance of the collusion and conspiracy declared Au a vexatious litigant under <u>HRS</u> 634J-1 through 634J-7 and the Prefiling Order deleted the mandatory requirement of a due process hearing. (EX. J)** Under the Order determining Au to be a *vexatious litigant*, the Prefiling Order deleted the mandatory fundamental due process hearing.  **<u>HRS</u> 634J-7 (b) requires "after hearing" in a prehearing motion.  The fundamental due process "after hearing" was intentionally deleted from the Vexatious Litigant Order.**

49.  **The willful and malicious conduct of Defendants to determine that Au was a *vexatious litigant* was in *furtherance* of the *fraudulent concealment* and *non-disclosure* of the <u>*Quinata v. Nishimura and Cades Schutte et al., Complaint.*</u>**  Defendants in furtherance of their intentional, willful fraudulent concealment, non-disclosure, and deceit misinterpreted <u>HRS</u> 634J-1 by determining that Au as a named Defendant in <u>KSBE v. AU</u>, by filing a Counterclaim

- 26 -

and Affirmative Defense had converted his party status as a

***Defendant*** to a ***Counterclaim Plaintiff***. The malicious motive of the

Defendants in Ordering that Au was a *vexatious litigant* was the

Prefiling Order that required Defendant Nishimura's "written

approval" on any Motion that Plaintiff Au filed in KSBE v. AU.   The

requirement of a mandatory and fundamental due process hearing

specified in the Appellate Court case, *Ek v. Boggs, 102 Haw. 289, 75

P.3d 1180 (2003),* was subverted with the premeditated and malicious

motive of contemplating Plaintiff Au commencing an HRS 601-7

Motion for Disqualification or Recusal. Defendant Nishimura had full

knowledge of the Hawaii case law, in a HRS 601-7 Motion for

Disqualification or Recusal to mandate a due process hearing where

the motion was denied, and Defendant Nishimura maliciously denied

Au's due process hearing under HRS 634-J-7(b).

50.  Plaintiff Au on **April 13, 2016** communicated with Defendant

Nishimura after learning about the Quinata v. Nishimura and Cades

Schutte et al. complaint for written authority under the Prefiling Order

to file a HRS 601-7, and HRCJC "Motion to Disqualify and Recuse"

Judge Nishimura on the basis of Conflict of Interest, Bias, and

Prejudice**(EX. K)**.  Defendants Cades Schutte, Chong Kee on April

16, 2016 communicated with Defendant Nishimura and in furtherance

of the collusion and conspiracy advised Defendant Nishimura that

there was no duty to disclose the *Quinata lawsuit*, and that the **Order**

**determining Au to be a vexatious litigant…under the Prefiling**

**Order did not require Nishimura to provide a due process hearing**

**or to grant Plaintiff Au's Motion for Disqualification or Recusal.**

**(EX. L)**

51.   Defendant Nishimura in furtherance of the collusion and conspiracy

**denied "sua sponte" without any fundamental due process**

**hearing Au's Motion for Recusal and Disqualification.  The "sua**

**sponte" denial clearly satisfied Defendant Nishimura's malicious**

**and intentional motive to deny Plaintiff Au under the Hawaii**

**Constitution Article 1 Section 5, and the U.S. Constitution Fifth**

**and Fourteenth Amendment, of Plaintiff Au's fundamental due**

**process hearing and equal protection of the laws.**  Defendant

Nishimura **without written reason or good cause "sua sponte"**

denied Au's Motion for Disqualification/Recusal on June 21, 2017.

**(EX. M)**

52.   Plaintiff Au, on **March 20, 2016** appealed Defendant Nishimura's

Order determining Au to be a vexatious litigant.  The Intermediate

Court of Appeals (hereinafter "ICA") sustained the "sua sponte"

denial by Defendant Nishimura.  **On March 10, 2020 the Supreme**

**Court of Hawaii reversed the ICA Order determining Au to be a**

**vexatious litigant concluding that Au was not a Plaintiff pursuant**

**to** <u>**HRS**</u> **634J-1.  The Supreme Court further concluded that Au**

**did not file any motions pursuant to the Prefiling Order in bad**

**faith, or were unmeritorious or engaged in conduct that was**

**frivolous or intended to cause unnecessary delay. (EX. N)**

53. Plaintiff Au filed a Motion for Reconsideration **(EX. O)**, concurring

with the Supreme Court Opinion of March 10, 2020 and requested the

Supreme Court to enforce his Hawaii Constitutional Civil Rights and

his U.S. Constitutional Rights.  Plaintiff Au further requested that the

Supreme Court enforce <u>HRS</u> 601-7, which required Judge Nishimura

to provide a fundamental due process hearing where disqualification

or recusal was denied; and under <u>HRS</u> 634J-7(b) requiring "after

hearing" in determining a prefiling motion.  *The Supreme Court*

*denied Au's Motion for Reconsideration.* **(EX. P)**

54. That as a direct and proximate result of the Defendants Nishimura

acting under color of authority, KSBE, Burgess, Cades Schutte LLP,

and Chong Kee collusion and conspiracy to determine Au to be a

vexatious litigant, Plaintiff Au has sustained special, general, and punitive damages to be determined at trial.

VIII. <u>28 U.S.C. 1738</u> (FULL FAITH AND CREDIT) IS NOT APPLICABLE IN PLAINTIFF AU'S DEPRIVATION OF CIVIL RIGHT CLAIMS <u>28 U.S.C 1982, 1983, AND 1985</u>. THE SUPREME COURT OF HAWAII AND THE INTERMEDIATE COURT OF APPEALS IN SUSTAINING THE FINAL JUDGEMENT OF JUNE 12, 2015, AND THE DEFENDANT TRIAL JUDGE NISHIMURA'S "SUA SPONTE" DENIAL OF PLAINTIFF AU'S MOTION TO DISQUALIFY UNDER <u>HRS</u> 601-7 AND THE <u>HRCJC</u> IS NOT ENTITLED TO FULL FAITH AND CREDIT. THE HAWAII APPELLATE COURTS HAVE NOT ADDRESSED PLAINTIFF AU'S CLAIMS OF VIOLATION OF HIS HAWAII STATE CONSTITUTIONAL RIGHTS UNDER ARTICLE 1 SECTION 5, AND U.S. CONSTITUTION FIFTH AND FOURTEENTH AMENDMENT, AND PLAINTIFF AU'S FUNDAMENTAL PROCEDURAL RIGHT TO A DUE PROCESS HEARING AND EQUAL PROTECTION UNDER THE LAWS IN <u>HRS</u> 601-7 AND <u>HRS</u> 634J-7 (b) DELETING THE MANDATORY HEARING

55. Plaintiff Au repeat and re-allege all of the allegations from paragraphs 1-54.

56. **The willful and malicious collusion and conspiracy of Defendant Nishimura acting under color of State authority as the Trial Judge was continuous and Defendant Nishimura has never disqualified or recused herself from KSBE v. AU.** The bias, prejudice, and conflict of interest by the *Quinata v. Nishimura and Cades Schutte* complaint as *Co-Defendants* created an irreconcilable conflict of interest that was willfully and maliciously never disclosed

until Plaintiff Au in April 2016 learned of the Quinata complaint. The chronology of pretrial motions filed by KSBE were Ordered in favor of KSBE to include the dismissal of Plaintiff Au's First Amended Counterclaim. The Defendants in furtherance of their conspiracy and collusion unlawfully misinterpreted HRS 634J-1 for the motive and unlawful purpose of determining Plaintiff Au to be a vexatious litigant. The unlawful misuse of HRS 634J-7(b), Prefiling Order deleted the mandatory fundamental due process hearing to preclude Plaintiff Au from disqualifying or recusing Defendant Nishimura. Plaintiff Au has established the bias, prejudice, conflict of interest of the Defendants and the substantial damages sustained by Plaintiff Au.

57. Defendants alleged defense of *res judicata* and *collateral estoppel* by the State of Hawaii Appellate Courts should be *equitably estopped* because of their misconduct and bad faith. The Court should estop Defendants from alleging res judicata and collateral estoppel based upon the **clear and convincing evidence of the conflict of interest, bias, and prejudice which was willfully and maliciously never disclosed to preclude Plaintiff Au from filing a HRS 601-7 motion for disqualification and recusal and the HRCJC.**

58.   The chronology of pretrial motions until the Final Judgement of June

12, 2015 the Order determining Au a vexatious litigant, the "sua

sponte" denials of disqualification and recusal, depriving Plaintiff Au

his fundamental right to a due process hearing and equal protection of

the laws are clear violations of Plaintiff Au's constitutional rights

under the Hawaii Constitution and the U.S. Constitution, Fifth

Amendment and Fourteenth Amendment, and a deprivation of

Plaintiff Au's Civil Rights under <u>28 U.S.C. Sections 1982, 1983 and</u>

<u>1985</u>.

59.   That as a direct and proximate result of Plaintiff Au's deprivation as

a U.S. citizen of his fundamental State of Hawaii and U.S.

Constitution Fifth Amendment and Fourteenth Amendment Due

Process and Equal Protection Clause, and <u>28 U.S.C. Section 1982,</u>

<u>1983 and 1985</u>, Plaintiff Au has been denied a full and fair

opportunity in <u>KSBE v. AU</u>, and any allegation of *res judicata* or

*collateral estoppel* should be *estopped* by the **Defendants bad faith**

**and misconduct.**

IX.   **PLAINTIFF AU HAS EXHAUSTED ALL OF HIS JUDICIAL**
**PROCEDURAL APPELLATE RIGHTS BEFORE THE HAWAII**
**SUPREME COURT AND INTERMEDIATE COURT OF APPEALS.**
**PLAINTIFF AU BY CLEAR AND CONVINCING EVIDENCE HAS**
**BEEN DEPRIVED OF HIS CIVIL RIGHTS UNDER <u>28 U.S.C.</u>**
**<u>SECTIONS 1982, 1983, AND 1985</u> AND U.S. CONSTITUTION FIFTH**

- 32 -

## AMENDMENT AND FOURTEENTH AMENDMENT AND IS ENTITLED TO COMMENCE A CIVIL RIGHTS COMPLAINT

60.  Plaintiff Au repeat and re-allege all of the allegations from paragraphs 1-59.

61.  Plaintiff Au has timely appealed the Final Judgement in KSBE v. AU (Civil No. 13-1-0420-02 RAN) (CAAP-15-000466).  Plaintiff Au has timely appealed to the Order determining Au to be a vexatious litigant (CAAP-16-0000235).  Plaintiff Au has timely appealed the motion for disqualification and recusal and the "sua sponte" denials by Trial Judge Nishimura (CAAP-17-0000895).

62.  The Supreme Court of Hawaii and the Intermediate Court of Appeals have not addressed in CAAP-15-0000466, CAAP-16-0000235, and CAAP-17-0000895, Au's claims for violation of Plaintiff Au's fundamental due process and equal protection rights under the Hawaii Constitution, the United States Constitution, Fifth and Fourteenth Amendment; for the unlawful taking of real and personal property, procedural due process, equal protection of the laws, and violation  of the HRCJC.  **The Hawaii Appellate Courts have never addressed Defendant Nishimura's alleged fraudulent concealment non-disclosure, deceit, and malicious misconduct under HRS 601-7 and HRS 634J-1 to HRS 634J-7 (b) the "sua sponte" denials of**

**Plaintiff Au's Motion for Disqualification under <u>HRS</u> 601-7 have never been addressed.  The violations of Judicial misconduct under the <u>HRCJC</u> have never been addressed.**

63.  Plaintiff Au's diligent effort to have the Supreme Court of Hawaii and the ICA enforce Plaintiff Au's Constitutional and fundamental rights under the Hawaii Constitution Article 1 Section 5; due process and equal protection, and the U.S. Constitution Fifth and Fourteenth Amendment, unlawful taking of real or personal property, due process and equal protection of the law has never been addressed by the Appellate Courts in all three appeals.  Plaintiff Au's Motions for Reconsideration and Writ of Certiorari on the violations of Plaintiff Au's Constitutional Rights have never been addressed.  The clear and convincing evidence presented to the Appellate Court on the conflict of interest, bias, and prejudice by Trial Judge Nishimura under color of State authority have never been addressed.

64.  Plaintiff Au appealed the Final Judgement of **June 12, 2015** on **June 16, 2015** Plaintiff Au's first knowledge of *Quinata v. Nishimura individually, Cades Schutte and members of the law firm individually as Co-Defendants* was in April 2016.  Au moved to consolidate his appeal in CAAP-15-0000466 (Final Judgement of June 12, 2015) and

- 34 -

his appeal in CAAP-16-0000235, determining Au to be a vexatious litigant, where the constitutional violations of Au's fundamental rights were paramount.  The ICA denied Plaintiff Au's Motion to consolidate and the Judgement of **June 12, 2015** was sustained without any consideration, or evidence of the conflict of interest, bias, prejudice of the **Quinata complaint of July 11, 2013.  The Supreme Court of Hawaii denied Plaintiff Au's application for writ of certiorari (CAAP-15-0000466) with no written opinion.  Plaintiff Au's claims for violation of the Hawaii and U.S. Constitution, fraudulent concealment, non-disclosure of the Quinata complaint of July 11, 2013, the claimed misconduct of Trial Judge Nishimura under the HRCJC, the bias and prejudice in the prehearing Orders have never been addressed by the Hawaii Appellate Courts.**

65.  The ICA sustained Defendant Nishimura's **"sua sponte"** denials of Plaintiff Au's motions to recuse/disqualify pursuant to HRS 601-7, and the HRCJC.  In (SCWC-17-0000895), the Supreme Court of Hawaii denied Plaintiff Au's application for writ of certiorari with no written opinion. **(EX. Q)**

66. The **final denial by the Supreme Court of Hawaii** to enforce Plaintiff Au's State of Hawaii Constitutional Rights, and U.S. Constitutional Rights, Fifth and Fourteenth Amendment, and the fundamental right to a due process hearing under HRS 601-7, and HRS 634J-7(b), and the misconduct of Trial Judge Nishimura under the HRCJC was the denial of **Au's Motion for Reconsideration on April 13, 2020**.

67. **Plaintiff Au has exhausted his judicial appellate review and remedies applicable to enforce Plaintiff Au's fundamental Constitutional Rights under the Hawaii State Constitution and the U.S. Constitution. The complaint for deprivation of Civil Rights 28 U.S.C. 1982, 1983, 1985 and violation of Plaintiff Au as a citizen of the United States of America Fifth Amendment of unlawful taking of real and personal property and Fourteenth Amendment; fundamental due process and equal protection under the laws is the basis for the complaint and demand for trial by jury.**

**Wherefore Plaintiff Ronald Git Sum Au prays for judgement, jointly and severely, against all Defendants; TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP KNOWN AS KAMEHAMEHA SCHOOLS,**

CADES SCHUTTE LLP, DENNIS CHONG KEE, KAWIKA BURGESS, and RHONDA NISHIMURA IN HER INDIVIDUAL CAPACITY, for such special, general, and punitive damages to be established at the time of trial.

Plaintiff Au further requests this Honorable Court to equitably estop Defendants from alleging *res judicata* and *collateral estoppel* under the full faith and credit clause, pursuant to <u>28 § U.S.C. 1738</u>.  Plaintiff Au further requests this Honorable Court to determine that Defendant Nishimura acting under color of State authority is not entitled to judicial immunity and is individually liable for her misconduct.

DATED: Honolulu, Hawaii on this 8th day of May 2020.

RONALD GIT SUM AU, Plaintiff *Pro Se*